## THE PEOPLE *v.* VILCHES ET AL.

### APPEAL from the District Court of Arecibo.

No. 56.—Decided March 14, 1907.

JUDGMENT.—Where a complaint is filed charging aggravated assault and battery and the evidence taken at the trial shows that such a crime was committed, although the judgment declares the accused guilty of assault and battery and imposes the punishment provided for the crime of aggravated assault and battery, as occurs in the case at bar, the judgment will be presumed to follow the original complaint and the evidence submitted thereon, and it is not necessary that the judgment should classify the crime as aggravated assault and battery.

The facts are stated in the opinion.

*Mr. Hernández Usera* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

On appeal from the Municipal Court of Manatí the District Court of Arecibo sentenced Manuel Vilches to six months in jail, to a fine of $200 and to payment of one-third of the costs. His codefendants were each sentenced to pay a fine of $50 and one-third of the costs.

An appeal is made to this court, and it is suggested that the sentence appealed from is excessive and ought to be re-

versed or modified with respect to Vilches, because the offence of which he was convicted was for an ordinary assault and battery and the punishment is defined in section 5 of the Law of March 10, 1904, entitled "An Act to define and punish simple assault, simple assault and battery, aggravated assault and aggravated assault and battery, and to repeal section 237 of the Penal Code."

The complaint in the case shows that Vilches and others set upon José Estrada and with sharp instruments caused him blows and wounds which have been examined by a physician.

At the trial there was evidence tending to show that at a wake Vilches struck Estrada with a whip, and also used a knife or a dagger against him and that Estrada was wounded in various parts of the body and that one or more wounds were produced by a sharp instrument and that he was sick for three weeks. The complaint in form charges an offense that might be taken or shown to be a case of aggravated assault and battery and there is proof tending to show that such an assault and battery was committed under the circumstances contemplated by subdivisions 7, 8 and 9 of section 6 of said law which provide for the case becoming aggravated as follows:

"7. When a serious bodily injury is inflicted upon the person assaulted.

"8. When committed with deadly weapons under circumstances not amounting to an intent to kill or maim.

"9. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

The sentence merely finds the defendants guilty of a misdemeanor or the offence of assault and battery and proceeds to sentence Vilches under section 8 of the law which provides the punishment of an aggravated case of assault and battery shall be a fine of not less than $50 nor more than $1,000, or imprisonment in jail not less than one month nor more than two years, or by both such fine and imprisonment.

Now as the complaint and the proof both show a case of aggravated assault and battery it was not necessary that the sentence should set forth the fact that the assault and battery was aggravated and the judgment must be presumed to follow the original complaint and proof submitted thereon.

We have examined the record in all other respects and find no fundamental error and the judgment appealed from must be affirmed with costs.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.